IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

DAVID A. WHITE                                                                                                    PLAINTIFF


v.                               CASE NO.          2:11-CV-2191


MICHAEL J. ASTRUE, Commissioner
of Social Security Administration                                                                   DEFENDANT

## MEMORANDUM OPINION

Plaintiff brings this action under 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of Social Security Administration (Commissioner) denying his claim for a period of disability and disability insurance benefits (DIB) and supplemental security income ("SSI") under Title II of the Social Security Act (Act), 42 U.S.C. § 423(d)(1)(A). In this judicial review, the court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405(g).

I.      **Procedural Background:**

The plaintiff filed his applications for DIB on April 8, 2009 (T. 72), alleging an onset date of November 11, 2008, due to plaintiff's migraines; neck surgery, and electrocution which caused shoulder and neck pain and trouble sleeping (T. 106). Subsequently, according to the ALJ's opinion, on May 24, 2010, Plaintiff protectively filed for SSI (Tr. 14). Plaintiff's applications were denied initially and on reconsideration. Plaintiff then requested an administrative hearing, which was held on May 26, 2010 (T. 223). Plaintiff was present and represented by counsel at the hearing.

-1-

At the time of the administrative hearing, plaintiff was 45 years of age and possessed a 10th Grade Education (T. 111). The Plaintiff had past relevant work ("PRW") experience as a Forklift Operator (T. 107).

On October 22, 2010, the Administrative Law Judge ("ALJ") concluded that, although severe, plaintiff's status post left cervical fusion and migraine headaches did not meet or equal any Appendix 1 listing. T. 17. The ALJ found that plaintiff maintained the residual functional capacity ("RFC") to lift and carry 20 pounds occasionally and 10 pounds frequently and could sit stand and/or walk for 6 hours in an eight hour workday; that he could occasionally reach overhead and he could understand, remember and carry out simple, routine and repetitive tasks and could respond appropriately to supervisors, coworkers, the general public and usual work situations. T. 17. With the assistance of a vocational expert, the ALJ then determined Plaintiff could perform the requirements of representative occupations such as an agricultural worker, industrial worker and baker worker. T. 20.

## II.     Applicable Law:

This court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Cox v. Astrue*, 495 F.3d 614, 617 (8th Cir. 2007). Substantial evidence is less than a preponderance, but enough that a reasonable mind would find it adequate to support the Commissioner's decision. *Id*. "Our review extends beyond examining the record to find substantial evidence in support of the ALJ's decision; we also consider evidence in the record that fairly detracts from that decision." *Id*. As long as there is substantial evidence in the record to support the Commissioner's decision, the court may not reverse the decision simply because substantial evidence exists in the record to support a contrary outcome,

or because the court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). If the court finds it possible "to draw two inconsistent positions from the evidence, and one of those positions represents the Secretary's findings, the court must affirm the decision of the Secretary." *Cox*, 495 F.3d at 617 (internal quotation and alteration omitted).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001); *see* 42 U.S.C. § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months. *Titus v. Sullivan*, 4 F.3d 590, 594 (8th Cir. 1993).

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits. *See* 20 C.F.R. § § 404.1520(a)- (f)(2003). Only if the final stage is reached does the fact finder consider the plaintiff's age, education, and work experience in light of his or her residual functional capacity. *See McCoy v. Schweiker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C .F.R. § § 404.1520, 416.920 (2003).

**III.    Discussion**:

    **A. Opinion Evidence:**

The Plaintiff first contends that the ALJ erred "as it relates to opinion evidence" (ECF No. 11, p. 7). The argument seems to be that the ALJ should not have considered any of the

evidence resulting from a CE performed by Marie Pham-Russell, APN, Nurse Practitioner.

### 1. APN Pham-Russell

APN Pham-Russell performed a Disability Physical on the Plaintiff on May 11, 2009. (T. 193-196).  Nurse Pham-Russell performed a series of objective test on the Plaintiff and noted detailed findings.  As a result of those test she noted that the Plaintiff had "mild limitation with range of motions of his neck". (T. 196).  Dr. Rebeca Floyd, MD, signed her name to the findings of APN Pham-Russell.

The Plaintiff seems to object to any use by the ALJ to the findings of APN Pham-Russell, however, even if the court were not to consider the nurse as part of a treatment team and under the supervision of Dr. Floyd the ALJ would still be entitled to consider her opinion as an "other source".

Other sources include nurse practitioners, physician assistants, licensed clinical social workers, naturopaths, chiropractors, audiologists, and therapists. 20 C.F.R. §§ 404.1513(d), 416.913(d) (2007). Therapists and nurse practitioners are specifically listed as "other" medical sources who may present evidence of the severity of the claimant's impairment and the effect of the impairment on the claimant's ability to work. Id. §§ 404.1513(d)(1), 416.913(d)(1). *Lacroix v. Barnhart* 465 F.3d 881, 887 (C.A.8 (Iowa),2006).

APN Pham-Russell conducted objective testing on the Plaintiff and recorded her observations of the Plaintiff. There is no evidence that any of her testing methodology or her observations were not performed appropriately.  The court finds that the ALJ committed no error in his use of the test performed by APN Pham-Russell.

### 2. Failure to Develop the Record

The Plaintiff contends that the ALJ committed error by not fully developing the record but does not specify how the ALJ should have further developed the record.

The ALJ has a duty to fully and fairly develop the record. *See Frankl v. Shalala*, 47 F.3d 935, 938 (8th Cir. 1995)(ALJ must fully and fairly develop the record so that a just determination of disability may be made). The ALJ is not required to act as Plaintiff's counsel. *See Clark v. Shalala*, 28 F.3d 828, 830 (8th Cir. 1994) (ALJ not required to function as claimant's substitute counsel, but only to develop a reasonably complete record); *see also Shannon v. Chater*, 54 F.3d 484, 488 (8th Cir. 1995) ("reversal due to failure to develop the record is only warranted where such failure is unfair or prejudicial").

The ALJ obtained a consultative examination (Tr. 191-96) which contained an x-ray report of the Plaintiff's neck which showed a fusion at C6-C7 and mild degenerative changes (T. 192). In addition, the ALJ sought the opinions of state disability determination physicians, who are experts in disability evaluation (Tr. 19, 197-209). See 20 C.F.R. §§ 404.1527(f)(2), 416.927(f)(2).

The ALJ did not secure the medical records from Sparks Hospital concerning the Plaintiff neck surgery in 2000 but the court notes that the Plaintiff was release to return to work by his treating physician (T. 109) and worked for over eight years (T. 123-127). The Plaintiff also alleged his onset date of disability was November 11, 2008 as a result of being "electrocuted" while changing a light bulb (T. 180) on August 18, 2008. Neither the Plaintiff's attorney at the hearing before the ALJ nor his attorney before the Appeals Council felt it necessary to produce these records.

The court is satisfied that the ALJ properly developed the record.

### B. Residual Functional Capacity:

The Plaintiff next contends that the ALJ erred in his RFC assessment. RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1). It is defined as the individual's maximum remaining ability to do sustained work activity in an ordinary work setting "on a regular and continuing basis." 20 C.F.R. §§ 404.1545 and 416.945; Social Security Ruling (SSR) 96-8p (1996). It is assessed using all relevant evidence in the record. *Id*. This includes medical records, observations of treating physicians and others, and the claimant's own descriptions of her limitations. *Guilliams v. Barnhart*, 393 F.3d 798, 801 (8th Cir. 2005); *Eichelberger v. Barnhart*, 390 F.3d 584, 591 (8th Cir. 2004). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." *Lauer v. Apfel,* 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace." *Lewis v. Barnhart,* 353 F.3d 642, 646 (8th Cir. 2003).

Nevertheless, in evaluating a claimant's RFC, an ALJ is not limited to considering medical evidence exclusively. *Cox v. Astrue*, 495 F. 3d 614 at 619 citing Lauer v. Apfel, 245 F.3d 700 at 704; *Dykes v. Apfel*, 223 F.3d 865, 866 (8th Cir.2000) (per curiam) ("To the extent [claimant] is arguing that residual functional capacity may be proved only by medical evidence, we disagree."). Even though the RFC assessment draws from medical sources for support, it is ultimately an administrative determination reserved to the Commissioner.\*620 20 C.F.R. §§ 416.927(e)(2), 416.946 (2006).

### 1. Subjective Complaints:

The ALJ discounted the Plaintiff's subjective complaints and noted that the Plaintiff testified that he did not get his migraines as much since he was not working. (T. 235). He explained that his job as a forklift driver aggravated his migraines because he had to constantly turn his head around because he had to drive backwards 20% of the time. (T. 236). The ALJ also noted that the Plaintiff testified that he was not taking any pain medication (T. 232) and had not for over a year and a half prior to the hearing date. *See Hepp v. Astrue* 511 F.3d 798, 807 (C.A.8 (Ark.),2008). There was no evidence that the Plaintiff was even taking any over the counter medication for pain. *See Hepp v. Astrue*, Id. 807 (8th Cir. 2008) (moderate, over-the-counter medication for pain does not support allegations of disabling pain).

The ALJ also noted that the Plaintiff had not sought any medical treatment since his electrocution incident in August 2008. In general, the failure to obtain follow-up treatment indicates that a person's condition may not be disabling or may not be as serious as alleged. *See Shannon v. Chater*, 54 F.3d 484, 487 (8th Cir.1995) (holding "[g]iven his alleged pain, Shannon's failure to seek medical treatment may be inconsistent with a finding of disability"). A claimant's allegations of disabling pain may be discredited under the third Polaski factor by evidence that the claimant has received minimum medical treatment and/or has taken medications for pain only on an occasional basis. *See Cline v. Sullivan* 939 F.2d 560, 568 (C.A.8 (Iowa),1991); *citing Williams v. Bowen*, 790 F.2d 713 (8th Cir.1986).

The court also notes that the Plaintiff has no difficulty with personal care (T. 139) is able to prepare meals, do housework (T. 140) and shop (T. 141). The Plaintiff indicated that he did not drive (T. 141) but acknowledge that he had been sentenced to jail for driving under the

influence and suspended license "and stuff like that". (T. 231). It is evident the Plaintiff does not drive for legal reasons and not for medical ones.

These activities do not support plaintiff's claim of disability. *See Pena v. Chater*, 76 F.3d 906, 908 (8th Cir. 1996) (ability to care for one child, occasionally drive, and sometimes go to the store); *Nguyen v. Chater*, 75 F.3d 429, 430-31 (8th Cir. 1996) (ability to visit neighbors, cook, do laundry, and attend church); *Novotny v. Chater*, 72 F.3d at 671 (ability to carry out garbage, carry grocery bags, and drive); *Johnston v. Shalala*, 42 F.3d 448, 451 (8th Cir. 1994) (claimant's ability to read, watch television, and drive indicated his pain did not interfere with his ability to concentrate); *Woolf v. Shalala*, 3 F.3d 1210, 1213-1214 (8th Cir. 1993) (ability to live alone, drive, grocery shop, and perform housework with some help from a neighbor).

There was no evidence that the pain that the Plaintiff suffered impaired significantly his ability to perform some work. *See Craig v. Apfel*, 212 F.3d 433, 436 (8th Cir. 2000) (holding that mere fact that working may cause pain or discomfort does not mandate a finding of disability). The ALJ properly discounted the credibility of the Plaintiff concerning his allegations of disabling pain.

### 2. RFC Evaluation

The Plaintiff presented to the Saint Edwards Mercy Medical Center ER on August 20, 2008 complaining of neck and shoulder pain because he had received an electrical shock on August 18, 2009. (T. 180). An EKG was performed which showed a normal sinus rhythm. (T. 184). The ER doctor prescribed Lortab, told him he should do light duty for 4 days and that he could return to work on August 22, 2008. (T. 182). On August 28, 2008 the Plaintiff returned to the ER complaining that the pain medication was not helping. (T. 170). The doctor prescribed

naproxin and flexeril (T. 171).  The Plaintiff was next seen at Sparks Family Practice Clinic on September 9, 2008 complaining of pain in his shoulders. The doctor continued the prescription of flexeril and naproxin and added warm/cold compresses. The doctor also noted that "pain med seeking behavior cannot be r/o". (T. 212).  The Plaintiff sought no other treatment after September 9, 2008 and was fire from his job on November 11, 2008.

Only the most conservative treatment of muscle relaxants and hot/cold compresses was ever recommended by the Plaintiff's treating physicians.  *See Smith v. Shalala*, 987 F.2d 1371, 1374 (8th Cir. 1993) (holding that treating physician's conservative treatment was inconsistent with plaintiff's allegations of disabling pain).

Thus, as discussed above,  the ALJ requested a consultative examination by Dr. Floyd's office (Tr. 266-70) which was performed by APN Pham-Russell on May 11, 2009. Other sources include nurse practitioners, physician assistants, licensed clinical social workers, naturopaths, chiropractors, audiologists, and therapists. 20 C.F.R. §§ 404.1513(d), 416.913(d) (2007). Therapists and nurse practitioners are specifically listed as "other" medical sources who may present evidence of the severity of the claimant's impairment and the effect of the impairment on the claimant's ability to work. Id. §§ 404.1513(d)(1), 416.913(d)(1).  *Lacroix v. Barnhart*  465 F.3d 881, 887 (C.A.8 (Iowa),2006)

After the CE the ALJ sought the opinions of state disability determination physicians, who are experts in disability evaluation (Tr. 19, 197-209). See 20 C.F.R. §§ 404.1527(f)(2), 416.927(f)(2). Dr. Lucy Sauer provided a Physical RFC assessment on May 27, 2009 and found that the Plaintiff could lift 50 pounds occasionally and 25 pounds frequently.  He could sit, stand and/or walk for 6 hours in an 8 hour day. (T. 200).  Dr. Saur found no Postural Limitations (T.

201) but did note the Plaintiff was limited in gross manipulations (T. 202) but had no other limitations. Dr. Saur had access to and did review APN Pham-Russell's report. Dr. Saur's finding were reviewed and affirmed by Dr. Bill F. Payne on September 9, 2009 (T. 209).

It is not the job of the district court to re-weigh the evidence or review the factual record de novo. *Cox*, 495 F.3d at 617; *Guilliams v. Barnhart*, 393 F.3d 798, 801 (8th Cir.2005); *McClees v. Shalala*, 2 F.3d 301, 302 (8th Cir.1993); *Murphy v. Sullivan*, 953 F.2d 383, 384 (8th Cir.1992). Instead, the district court must simply determine whether the quantity and quality of evidence is enough so that a reasonable mind might find it adequate to support the ALJ's conclusion. *Davis v. Apfel*, 239 F.3d 962, 966 (8th Cir.2001) (citing *McKinney v. Apfel*, 228 F.3d 860, 863 (8th Cir.2000)). Weighing the evidence is a function of the ALJ, who is the fact-finder. *Benskin v. Bowen*, 830 F.2d 878, 882 (8th Cir.1987). *See also Onstead v. Sullivan*, 962 F.2d 803, 804 (8th Cir.1992) (holding that an ALJ's decision is conclusive upon a reviewing court if it is supported by "substantial evidence").

**IV.   Conclusion:**

Accordingly, having carefully reviewed the record, the undersigned finds substantial evidence supporting the ALJ's decision, and thus the decision should be affirmed. The undersigned further finds that the plaintiff's Complaint should be dismissed with prejudice.

Dated this September 25, 2012.

*/s/ J. Marschewski*
HONORABLE JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE